IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN P. MILLER | : |
| v. | : |
| | : NO. 13-7680 |
| CURRAN-FROMHOLD CORRECTIONAL FACILITY | : |

**NORMA L. SHAPIRO, J.**                                                                              **AUGUST 12, 2014**

## MEMORANDUM

Before the court is defendant's motion to dismiss plaintiff's complaint. Plaintiff Ryan Miller, out of custody when he filed this action, alleges that he had been housed in an overcrowded cell at the Curran-Fromhold Correctional Facility. He claims that this condition violates his constitutional rights. Plaintiff brings this action under 42 U.S.C. § 1983. The court granted plaintiff's application to proceed *in forma pauperis* on February 11, 2014. On June 4, 2014, the City, on behalf of the named defendant, filed a motion to dismiss. The motion is unopposed.

### I. BACKGROUND

Plaintiff filed a handwritten complaint alleging a single count against Curran-Fromhold Correctional Facility. Plaintiff alleges that during his incarceration within the Philadelphia Prison System he was placed in a three man cell (a two person cell with a plastic boat on the floor for a third inmate) for six days.[1] While in the three man cell plaintiff slept on the boat. He alleges that while in custody he had "terrible back and neck pain."

### II. STANDARD OF REVIEW

---

[1] *See Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No. 87. Actions for damages are excluded from the waiver in the settlement agreement between plaintiffs in the class action settlement on behalf of all current and future persons confined in the Philadelphia Prison System. Section X.A. states "plaintiffs do not waive their rights to pursue individual claims for monetary damages under federal or state law." All such actions have been assigned to this court.

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted. A complaint must contain sufficient facts that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.*

### III.  DISCUSSION

Section 1983 provides a remedy for deprivation of rights established in the Constitution or by federal law. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). Plaintiffs can only bring Section 1983 claims against "persons." *See, e.g.*, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). If a plaintiff brings suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff's complaint appears to allege a Section 1983 claim based on his housing in the overcrowded Philadelphia Prison System. Plaintiff alleges an earlier injury to his neck was exacerbated by his living conditions which were "extremely cramped . . . because all [three] of us were crammed into the [two] man cell." The complaint states he was housed in a triple cell at Curran-Fromhold Correctional Facility for six days before he was transferred to the Detention Center. Plaintiff appears to be articulating a Section 1983 claim for violation of his Fourteenth

Amendment right of due process.  The Supreme Court has determined "a detainee may not be punished prior to an adjudication of guilt in accordance with the due process of law."[2] *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Plaintiff only names the prison where he was housed, Curran-Fromhold Correctional Facility, as a defendant in this action.  Plaintiff has failed to allege a claim against a valid defendant.  The action must be dismissed because the single defendant, Curran-Fromhold Correctional Facility, is not a "person" under Section 1983. *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).  Plaintiff has not alleged a claim against a municipality under Section 1983, that would require allegations that the constitutional violation was caused by a "policy, regulation or decision officially adopted by the governing body [of the municipality] or informally adopted by custom." *Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir.1996)

## IV.  CONCLUSION

Defendant's motion to dismiss plaintiff's complaint will be granted.  Plaintiff will be granted leave to amend his complaint.  An appropriate order follows.

---

[2] Plaintiff does not allege that he is a pretrial detainee.  However, since the court construes the facts in the light most favorable to the plaintiff for purposes of this motion, the court will assume he has not been convicted while in PPS custody.